UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSA BAUTISTA, as mother and natural guardian of
JONATHAN BAUTISTA, an infant over the age of
fourteen years,

                         Plaintiffs,

- against -

P.O. JAY RIVERA, Shield No. 3882, SERGEANT
TERRENCE CREIGHTON, Tax No. 921241, and
THE CITY OF NEW YORK,

                         Defendants.
-------------------------------------------------------------------X

10 CV 4395 (RJD) (SMG)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

Plaintiffs, ROSA BAUTISTA, as mother and natural guardian of JONATHAN BAUTISTA, an infant over the age of fourteen years, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.    Plaintiffs, invoking the pendent jurisdiction of this Court, also seek compensatory and punitive damages for battery.

## VENUE

5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff ROSA BAUTISTA was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, the infant plaintiff, JONATHAN BAUTISTA, (hereinafter "infant plaintiff") was and is a natural person, over the age of fourteen years, resident in the County of Queens, City and State of New York.

9. Plaintiff ROSA BAUTISTA is the mother and natural guardian of the infant plaintiff.

10. At all times relevant hereto, defendant P.O. JAY RIVERA, Shield No. 3882 (hereinafter "RIVERA") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant SERGEANT TERRENCE CREIGHTON, Tax No. 921241 (hereinafter "CREIGHTON") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. On or about May 6, 2010, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of

New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
(42 U.S.C. §1983)

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. On or about March 23, 2010, between approximately 1:00 P.M. and 2:00 P.M., the infant plaintiff was present in Highland Park in the County of Kings, City and State of New York.

18. At the aforementioned time and place, the infant plaintiff was rolling a marijuana cigarette that he intended to smoke.

19. At the aforementioned time and place, the infant plaintiff heard a van come to a stop.

20. At that moment, the infant plaintiff looked around and observed two police officers exit the aforementioned van.

21. Believing that the aforementioned motor vehicle was a motor vehicle belonging to the Police Department of defendant CITY, the infant plaintiff threw the aforementioned marijuana cigarette away and ran out of the park.

22. The infant plaintiff ran along Vermont Place until he came near to its intersection with the Jackie Robinson Parkway.

23. Believing that he was no longer being followed, the infant plaintiff slowed to a walk.

24. A van with the marking "National Grid" on its side pulled up next to the infant plaintiff and came to a stop.

25. Defendant RIVERA exited from the passenger side of the "National Grid" van with his service weapon in his hand.

26. Defendant RIVERA ordered the infant plaintiff to lie down.

27. The infant plaintiff complied with the aforementioned order, lying down on his stomach on the sidewalk.

28. With no cause or provocation therefor, defendant RIVERA struck the infant plaintiff on the left side of his face with his aforementioned service weapon.

29. Defendant RIVERA handcuffed the infant plaintiff.

30. The infant plaintiff was placed in a Police Department motor vehicle.

31. The infant plaintiff was driven to the stationhouse of the 75th Precinct.

32. Upon arriving at the stationhouse of the 75th Precinct, the infant plaintiff was removed from the aforementioned Police Department motor vehicle.

33. Defendant CREIGHTON, who had been a passenger in the vehicle in which the infant plaintiff was transported, took the infant plaintiff aside and told him that

if he were asked how he had received the injury to his face, he was to say that he fell on a Heineken bottle and not to say that the injury was the result of his being struck by defendant RIVERA.

34. The infant plaintiff was taken into the stationhouse and placed inside a cell.

35. An ambulance arrived at the precinct approximately twenty minutes after the infant plaintiff had been placed in the aforementioned cell.

36. An emergency medical technician (EMT) asked the infant plaintiff how his face had been injured.

37. Complying with what he had been told by defendant CREIGHTON and noticing that other police officers were present while the EMT was questioning him, the infant plaintiff told the false story about falling on the Heineken bottle.

38. After cleaning the infant plaintiff's wounds, the EMT took the infant plaintiff by ambulance to Brookdale Hospital, where his wound was sutured.

39. After he was treated at Brookdale Hospital, the infant plaintiff was transported back to the stationhouse of the 75th Precinct.

40. At some time after being returned to the stationhouse, the infant plaintiff was taken out of his cell and brought to another room in the stationhouse where two police officers assigned to the Police Department's Internal Affairs Bureau (IAB) were present.

41. The aforementioned IAB investigators asked the infant plaintiff to tell them how he had really suffered the laceration to his face.

42. In a tape-recorded interview, the infant plaintiff related the true story of how he had been injured to the aforementioned investigators, namely that he had been assaulted by one of the individual defendants.

43. The infant plaintiff was taken to Brooklyn Central Booking, arriving there at approximately 2:00 A.M. on March 24, 2010.

44. The infant plaintiff appeared before a Judge of the Criminal Court of the City of New York, County of Kings, at approximately 10:00 A.M., and was charged with resisting arrest, obstructing governmental administration, criminal possession of marijuana in the fifth degree and unlawful possession of marijuana.

45. The infant plaintiff received an adjournment in contemplation of dismissal.

46. The infant plaintiff's father took him home from the court.

47. Approximately ten minutes after he had arrived home, IAB investigators arrived at his home.

48. The aforementioned investigators showed the infant plaintiff a photo array.

49. The infant plaintiff picked out defendant CREIGHTON from the aforementioned photo array and stated that he was the person who had told him to say he was injured by falling on a Heineken bottle.

50. The individual defendants violated the infant plaintiff's right not to be subjected to excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States and his right to due process of law, guaranteed to him by the fourteenth amendment to the Constitution of the United States, in that, acting under color of state law, defendant RIVERA, without any cause or provocation whatsoever, caused him serious and disfiguring physical injury, and defendant

CREIGHTON instructed him to give a false account as to how he had received the injury to his face.

51. Because of the aforesaid acts committed by the individual defendants, the infant plaintiff suffered a deprivation of his right not to be subjected to excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States, and his right to due process of law, guaranteed to him by the fourteenth amendment to the Constitution of the United States, and, as a result, suffered serious and disfiguring physical injury and lost time from his schooling.

52. By reason of the unconstitutional and illegal actions taken against him by the individual defendants, the infant plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT RIVERA AND THE CITY OF NEW YORK
(Battery)

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "52" hereinabove as if more fully set forth at length herein.

54. On or about March 23, 2010, between approximately 1:00 P.M. and 2:00 P.M., on Vermont Place near its intersection with Jackie Robinson Parkway in the County of Queens, City and State of New York, defendant RIVERA, without probable cause therefor, offensively touched the infant plaintiff by striking him on the side of his face with his service weapon.

55. The aforesaid force used by defendant RIVERA was not reasonable under the circumstances.

56. At the aforementioned time and place, defendant RIVERA was acting within the scope of his employment by defendant CITY.

57. By reason of the aforementioned battery committed against him by defendant RIVERA, while he was acting within the scope of his employment by defendant CITY, the infant plaintiff suffered serious and disfiguring physical injury and lost time from his schooling.

58. As a result of the battery committed against him by defendant RIVERA, while was acting with the scope of his employment by defendant CITY, the infant plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RIVERA.

WHEREFORE, plaintiffs, ROSA BAUTISTA, as mother and natural guardian of JONATHAN BAUTISTA, an infant over the age of fourteen years, demand judgment against defendants, P.O. JAY RIVERA, Shield No. 3882, SERGEANT TERRENCE CREIGHTON, Tax No. 921241 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages;

SECOND CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant RIVERA.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
June 28, 2011

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
File No: 2167